No. 25-60102

# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellant

v.

JUSTIN BRYCE BROWN,

Defendant - Appellee

---

**On Appeal from**
United States District Court for the Southern District of Mississippi
3:23-CR-123-1

---

**BRIEF OF APPELLEE**

---

SUBMITTED BY:

Joseph M. Hollomon
Joe M. Hollomon & Associates, P.A.
107 North State Street (39201)
Post Office Box 22683
Jackson, Mississippi 39225-2683
Tel: (601) 353-1300 | Fax: (601) 353-1308
Email: jhollomon@outlook.com

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
|---|---|
| Justin Brown | Joseph Hollomon of Joe M. Hollomon & Associates, P.A. Jackson, MS |

| Appellants: | Counsel for Appellants: |
|---|---|
| United States of America | Jennifer Case of U.S. Attorney's Office Jackson, MS |
| United States of America | Samuel Goff of U.S. Attorney's Office Jackson, MS |

| Other Interested Parties: | Counsel for Interested Parties: |
|---|---|
|  |  |
|  |  |

*s/Joseph M. Hollomon*
Attorney of Record for Appellee

# STATEMENT REGARDING ORAL ARGUMENT

The United States has not requested oral argument on the basis that the question on appeal is settled by binding Circuit precedent and can be considered fully by relying on the records and the briefs. The Appellee does not consider the question on appeal settled by binding Circuit precedent and believes that oral argument in this case would assist the court. Therefore, the Appellee requests oral argument.

# TABLE OF CONTENTS

Contents……………………………………………………………………….Pages(s)

CERTIFICATE OF INTERESTED PERSONS ............................................................. i

STATEMENT REGARDING ORAL ARGUMENT ..................................................... ii

TABLE OF CONTENTS .................................................................................................. iii

TABLE OF AUTHORITIES ............................................................................................. 1

JURISDICTIONAL STATEMENT ................................................................................. 3

STATEMENT OF THE ISSUES ...................................................................................... 3

STATEMENT OF THE CASE ......................................................................................... 4

SUMMARY OF THE ARGUMENT ............................................................................... 7

ARGUMENT ....................................................................................................................... 9

CONCLUSION ................................................................................................................. 13

CERTIFICATE OF SERVICE ........................................................................................ 14

CERTIFICATE OF COMPLIANCE ............................................................................. 15

# TABLE OF AUTHORITIES

**Cases**………………………………………………………………………….Pages(s)

*Bucklew v. Precythe*, 139 S. Ct. 1112, 1127 (2019) ………………………….……………3

*Citizens United v. Federal Election Commission*, 558 U.S. 310, 331 (2010) …………….….3

*District of Columbia v. Heller*, 554 U.S. 570, 595 (2008) ……………….…………4, 5, 8, 9

*Hollis v. Lynch*, F.3d 436, 451 (5th Cir. 2016) ………………………………………….7, 8, 9, 10

*N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2128-2129 (2022) ………………
…………………………………………………………...4, 5, 6, 7, 8, 9, 10, 11

*Siders v. City of Brandon*, 123 F.4[th] 293, 304 (5th Cir. 2024) ………………………….7, 8, 10

*United States v. Daniels*, 124 F.4[th] 967 (5th Cir. 2025) …………………………………………….6

*United States v. Diaz*, 116 F.4[th] 458, 465 (5th Cir. 2024) ……………………….……7, 9, 10

*United States v. Morgan*, No. 24-3141 (10th Cir. 2024) ……………………………….8, 12

*United States v. Perez-Macias*, 335 F.3d 421, 415 (5th Cir. 2023) …………………….8

**Statutes**……………………………………………………………………Pages(s)

18 U.S.C. § 924(a)(2) ……………………………………………………………………...7

18 U.S.C. § 922(o)………………………………………………...………….3, 6, 7, 9, 10, 12

18 U.S.C. § 922(o)(1) ……………………………………………………………....3, 9

18 U.S.C. § 922(o)(2)(B) …………………………………………………………..6

18 U.S.C. § 3731………………………………………………………………………...3

28 U.S.C. § 1291…………………………………………………………………...3

U.S. Const. amend. II…………………………………………3, 4, 5, 6, 7, 9, 10, 11, 12

# JURISDICTIONAL STATEMENT

The Government timely appealed from the District Court's grant of Justin Brown's Motion to Dismiss the Indictment, charging him with unlawfully possessing a machinegun, in violation of 18 U.S.C. § 922(o). This Court's jurisdiction is properly invoked pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3731.

# STATEMENT OF THE ISSUES

This Government appeal involves a successful as-applied Second Amendment challenge to the federal machinegun-possession prohibition, 18 U.S.C. § 922(o)(1). ROA.55-60[1]. This Court must resolve whether the District Court erred when it concluded that: (1) Justin Brown's possession of a handheld machinegun is protected by the Second Amendment; and (2) the Government failed to meet its burden to prove that § 922(o)(1) is consistent with this nation's historical tradition of regulating firearms, as applied to Brown's handheld machinegun.

While the Defendant makes an as-applied challenge to the statute as opposed to a facial challenge, the same substantive constitutional analysis applies to both challenges. *Citizens United v. Federal Election Commission*, 558 U.S. 310, 331 (2010); *Bucklew v. Precythe*, 139 S. Ct. 1112, 1127 (2019). Brown challenges § 922(o) as unconstitutional to the extent it prohibits possession of the machinegun as alleged in the indictment.

---

[1] "ROA.55-60" refers to pages 55-60 of the Record on Appeal.

The challenge is as-applied in the sense that Brown is asking the Court to strike down those provisions of the statute charged by the Government in this case, i.e., possession and not any uncharged provisions. The Government does not allege a transfer but only possession. ROA.9-10.

## STATEMENT OF THE CASE

The Second Amendment to the United States Constitution provides:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

This Amendment confers an individual right to keep and bear or carry arms. *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008). *Heller's* methodology centered on constitutional texts in history. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2128-29 (2022). Post-*Heller*, most courts coalesced around a 2-step framework for analyzing Second Amendment challenges that combines history with a means-end scrutiny. However, in *Bruen*, the Supreme Court declined to adopt means-end scrutiny. Rather, the Supreme Court explicitly rejected means-end scrutiny and instead announced a different "historical approach." *Id.* at 2129.

> [W]hen the Second Amendment's plain text covers an individual's conduct, the constitution presumptively protects that conduct. To justify its regulation, the Government may not simply posit that the regulation promotes an important interest. Rather, the Government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only

4

> if a firearm regulation is consistent with this Nation's historical tradition may a Court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command." *Id.* at 2126.

The question then is whether stripping someone of their right to possess a machinegun without exception is consistent with the Nation's historical tradition of firearm regulation. If it is not, then § 922(o) is unconstitutional no matter the reasonableness of the policy it embodies. Under the ruling analysis, when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. See *Bruen*, 142 S. Ct. at 2129-30. Additionally, *Heller* made clear that the Second Amendment conferred an individual right to keep and bear arms. *Heller*, 554 U.S. at 595. Therefore, Mr. Brown's alleged conduct, possessing a firearm—in this case, a machinegun—is presumptively protected by the Second Amendment.

The Government may seek to curtail Mr. Brown's presumptively constitutional conduct by relying on the characteristics of the firearm alleged, i.e., that is a particular subset of firearms, in this case a machinegun, that should be treated differently. However, the Second Amendment's protection is not limited to only those arms in existence in the eighteenth century but extends to all instruments that constitute bearable arms. *Heller,* 554 U.S. at 582.

That a firearm shoots, is designed to shoot, or can be fully restored to shoot more than one shot automatically, without manual reloading, by a single function of the

trigger does not mean that the "arm" is not, in fact, an "arm." One of the main protections of the Second Amendment is the right to bear arms for self-defense. It would be contradictory to exclude from protection the "arms" that most effectively defend us from others. Brown and all of the people in this country enjoy a presumptive right to possess firearms. To strip the people of that right pursuant to Title 18 U.S. Code § 922(o), the Government bears the burden of showing the statute is consistent with this Nation's historical tradition of firearm regulation. The Supreme Court has made clear the principle of party presentation applies at this step and that it is the Government who must come forward with historical sources to meet this burden, which is a heavy one. *U.S. v. Daniels*, 124 F.4th 967 (5th Cir. 2025). *Bruen*, 142 S. Ct. at 2130. Only by showing the law does not tread on the historical scope of the right can the Government justify its regulation. Brown would note that the history of barring possession of machineguns is limited and relatively recent. Congress first passed Section 922(o) in 1968 as part of the Gun Control Act. This was the first time in the Nation's history that Congress had enacted such a ban. The Government cannot rely on a passage of a mid-twentieth century statute to establish a long-standing historical tradition dating back to the enactment of the Second Amendment. In fact, machineguns lawfully possessed prior to May 19, 1986, are specifically excluded from prohibition by Section 922(o)(2)(B).

# SUMMARY OF THE ARGUMENT

Justin Bryce Brown was indicted by the grand jury for the Southern District of Mississippi on December 13, 2023. The indictment charged in one paragraph that on or about May 3, 2022, in Simpson County, in the Northern Division of the Southern District of Mississippi, the Defendant, knowingly possessed a machinegun in violation of Title 18, U.S. Code §§ 922(o). During a search of Brown's home in Mendenhall, Mississippi agents recovered an NFA Whore 16, .300 Blackout rifle which is capable of functioning as a machinegun, i.e., firing more than one round with a single pull of the trigger. Thereafter, on November 7, 2024, the Defendant filed a Motion to Dismiss the indictment on Second Amendment grounds.

In his motion, Brown asserted that Title 18 U.S. Code § 922(o) violated his Second Amendment rights in the wake of *New York Rifle and Pistol Association, Inc. v. Bruen*, 597, U.S. 1 (2022). Brown argued that *Bruen's* holding, in fact, abrogated *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016), which had previously upheld § 922(o). In their response, the Government argued that *Hollis* remains valid and binding law post-*Bruen*. The Government argued § 922(o) is consistent with the historical tradition of regulating dangerous and unusual weapons not typically possessed by law-abiding citizens for lawful purposes and are not "in common use" by private citizens.

In ruling on the motion, the District Court noted that in the *Bruen* decision, the Supreme Court established a new historical paradigm for analyzing Second Amendment claims. *United States v. Diaz*, 116 F.4th 458, 465 (5th Cir. 2024). More recently, in *Siders*

7

*v. City of Brandon, Miss.*, 123 F.4th 293, 304 (5th Cir. 2024), the Fifth Circuit specifically said the *Hollis* decision was "abrogated." Yet every cite by the Government in support of its position relies on judicial decisions which predate *Bruen*, including the abrogated *Hollis* decision. The District Court ultimately found none of the Government's proffered "historical regulations" are "relevantly similar" to criminalizing simple possession of a firearm in one's home. Indeed, as the *Bruen* decision instructs, there is an American "historical tradition of prohibiting the carrying of 'dangerous and unusual weapons'" 597 U.S. at 21 (quoting *Heller*, 554 U.S. at 626). The Government argues machineguns are even more dangerous than other types of firearms. And yet, firearms which are dangerous can still be constitutionally protected. The Government must establish that the firearm to be restricted is both dangerous **and** unusual. The Government cannot do so.

*U.S. v. Morgan*, No. 24-3141 (10th Cir. 2024), cited by Mr. Brown in his Motion to Dismiss, notes that there were more than 740,000 machineguns lawfully possessed in the United States in 2021. 2024 WL 3936767 at *4. The District Court found this to be no small number but there was no argument by the Government, why this number does not establish commonality. Rather, as the District Court noted in its Order, the Government made no attempt to present counter facts and figures but instead placed all its eggs in one basket, i.e., the notion that *Hollis* remains good law. That issue has since been foreclosed by *Siders v. City of Brandon, Miss.*, 123 F.4th 293, 304 (5th Cir. 2024). 144 S. Ct. 1785. Concluding the Government had neither established that machineguns

are "unusual" nor satisfied its burden to provide a historical analog under *Bruen*, the Court granted Brown's Motion to Dismiss. The District Court's decision was correct and should be affirmed.

## ARGUMENT

The District Court correctly held that:

(1) The Second Amendment's plain text protects Mr. Brown's handheld machinegun; and

(2) The Government failed to meet its burden to prove that § 922(o)(1) is consistent with this Nation's historical tradition of regulating firearms, as applied to Brown's handheld machinegun.

This Court should affirm the District Court's Order dismissing the indictment on as-applied Second Amendment grounds. The Second Amendment "presumptively protects" all "arms" that "constitute bearable arms" including "modern instruments that facilitate armed-defense," *Bruen*, 597 U.S. at 17; *Heller*, 554 U.S. at 582. The machinegun at issue here can be carried by hand to facilitate armed self-defense, and, thus, is presumptively protected by the Second Amendment. But § 922(o)(1) prohibits the mere possession of Brown's handheld machinegun. In attempting to justify such a ban, the Government argues that *Hollis* **has not** been abrogated, thus Brown's challenge to the constitutionality of § 922(o) remains foreclosed. However, *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024) determined that *Bruen* established a new historical paradigm

9

for analyzing Second Amendment claims. Under the rule of orderliness, a later panel may overturn another panel's decision when it has fallen unequivocally out of step with some intervening change in the law. *Bruen* constitutes such a change rendering the Court's precedent obsolete. The *Diaz* decision was rendered on September 18, 2024, well before the Government's brief was filed. Because this is a constitutional question, the standard of review is *de novo*. *United States v. Perez-Macias*, 335 F.3d 421, 425 (5th Cir. 2003). The Government began this argument again relying on the *Hollis* decision which has been determined by the Fifth Circuit to be obsolete. Relying on this obsolete precedent and ignoring the *Bruen* decision, the Government asserts that machinegun possession is not protected by the Second Amendment. The *Diaz* decision was rendered on September 18, 2024, well before the filing of the Government's brief. This clearly answers the Governments' argument in its brief that: "First, *Bruen* did not overrule *Hollis*." Under this Court's rule of orderliness, only an intervening change in the law "such as by a supreme court case" permits a subsequent panel to decline to follow a prior Fifth Circuit precedent. The Government goes on to assert that: "Nothing in *Bruen* unequivocally overrules *Hollis*." Since then, *Siders v. City of Brandon, Miss.*, 123 F.4th 293, 304 (5th Cir. 2024) makes clear that *Hollis* was "abrogated". Since *Hollis* was abrogated, the Government's entire argument is based on pre-*Bruen* case law, which has since been abrogated.

The Government then loops back to argue that even if this Court concludes that the Second Amendment protects possession of machineguns, § 922(o) still does not violate the Second Amendment because the statute "is consistent with this Nation's historical tradition of firearm regulation." citing *Bruen*, 142 S. Ct. at 2129-30.

The Government then attempts to argue what the Government considered to be historically analogous examples of laws to support the Government's position. The Government cites various examples of laws, most of which deal with riding or going armed with dangerous or unusual weapons in such a manner as would terrorize people as opposed to a complete ban on simple possession. As Judge Reeves noted in his opinion, the examples cited might support the prosecution of a person charged with terrorizing others with a machinegun. R.E.87[2] Yet these examples provide no support for the prosecution of Mr. Brown. The Government does not allege that he did anything against the "public peace." Mr. Brown was not "armed offensively," nor was he attempting to terrorize the "good citizens." He wasn't going or riding anywhere. The Government's brief admits that the machinegun was in his home. Suffice it to say, none of the Government's proffered "historical regulations" are "relevantly similar" to criminalizing possession of a firearm in one's home. *Bruen*, 597 U.S. at 29. As the

---

[2] "R.E.87" refers to page 87 of the Record Excerpt on Appeal.

District Court noted in its Order, if anything, American history and tradition support Mr. Brown's possession of a firearm in his home.

Next, the issue of dangerousness. While most firearms fit the ordinary definition of the word "dangerous" because they are capable of causing serious bodily harm, they are legal for a law-abiding person to possess in their home. Revolvers, semiautomatic weapons, and machineguns are all capable of causing serious bodily harm and are therefore dangerous. However, this fact does not prevent them from being constitutionally protected.

Further, in order to be outside the Second Amendment, the Government has the burden of proving that the firearm to be restricted is not only dangerous *but also unusual*. The *Morgan* case determined there were more than 740,000 machineguns lawfully possessed in the United States in 2021. The Government in no way contradicted this number. The District Court concluded that 740,000 is no small number. The Government presented no argument or explanation for why such a large figure is somehow not considered common. The Court concluded that three-quarters of a million of any kind of firearm is plainly widespread and therefore not unusual.

Because the Government cannot establish that the statute as-applied to Justin Brown is not entitled to protection under the Second Amendment, the District Court properly granted the Defendant's Motion to Dismiss.

# CONCLUSION

For the foregoing reasons, the Defendant Justin Bryce Brown, asks this Court to find 18 U.S.C. § 922(o) unconstitutional as applied in his case and to uphold the District Court's order dismissing the indictment pending against him.

RESPECTFULLY SUBMITTED, this the 27th day of May, 2025.

*s/Joseph M. Hollomon*
JOSEPH M. HOLLOMON (MSB #2551)
JOE M. HOLLOMON & ASSOC., P.A.
107 North State Street (39201)
Post Office Box 22683
Jackson, Mississippi 39225-2683
Tel: (601) 353-1300
Fax: (601) 353-1308
Email: jhollomon@outlook.com
joehollomonlaw@yahoo.com
ATTORNEY FOR AND ON BEHALF OF APPELLEE

**CERTIFICATE OF SERVICE**

I, Joe M. Hollomon, attorney for Appellee, do hereby certify that I have this date electronically filed the foregoing Brief of Appellee with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the Electronic Case Filing (ECF) system, which sent notification of such filing to all counsel of record.

RESPECTFULLY SUBMITTED, this, the 27th day of May, 2025.

*s/Joseph M. Hollomon*
JOSEPH M. HOLLOMON

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f), and 5th CIR. R. 32.1: this document contains 3161 words.

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface Microsoft Word 365 in font size 14 and font type style Garmond.

RESPECTFULLY SUBMITTED, this, the 27th day of May, 2025.

*s/Joseph M. Hollomon*
JOSEPH M. HOLLOMON