# 25-60102

## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA

*Plaintiff-Appellant*

v.

JUSTIN BRYCE BROWN

*Defendant-Appellee*

FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION
3:23cr123CWR-ASH

## REPLY BRIEF OF APPELLANT

PATRICK A. LEMON
*Acting United States Attorney*
*Southern District of Mississippi*

JENNIFER CASE
Mississippi Bar Number 104238

SAMUEL GOFF
Mississippi Bar Number 105813
*Assistant United States Attorneys*
501 E. Court Street, Suite 4.430
Jackson, Mississippi  39201
(601) 965-4480

## PRELIMINARY STATEMENT

Section 922(o)'s prohibition on possessing machineguns is consistent with the Second Amendment, as this Court previously held. Brown's contrary arguments are foreclosed by this Court's binding precedent, which holds that machineguns are dangerous and unusual (*i.e.*, not in common use) and, therefore, do not receive Second-Amendment protection.

Because the district court did not follow this Court's binding precedent, the order dismissing the indictment should be reversed.

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ......................................................................... ii

TABLE OF AUTHORITIES ............................................................................. iv

ARGUMENT ....................................................................................................... 2

A.    The Challenged Statute Is Constitutional ................................................ 2

B.    History and Tradition Support Congress's Ability to Regulate Machinegun Possession ........................................................ 6

C.    Machineguns Are Not in Common Use by Law-Abiding Citizens for Lawful Purposes ............................................ 8

CONCLUSION ................................................................................................... 11

CERTIFICATE OF SERVICE ........................................................................... 12

CERTIFICATE OF COMPLIANCE ................................................................. 13

## TABLE OF AUTHORITIES

**Cases** PAGE

*District of Columbia v. Heller*, 554 U.S. 570 (2008) .............................. 4, 6, 7, 8

*Hollis v. Lynch*, 827 F.3d 436 (5th Cir. 2016) ........................................... passim

*In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787 (5th Cir. 2021) ..................... 5

*New York Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) .......... 2, 3, 4, 7

*Siders v. City of Brandon, Mississippi*, 123 F.4th 293 (5th Cir. 2024) .......... 4, 5

*United States v. Darrington*, 351 F.3d 632 (5th Cir. 2003) ............................... 4

*United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024) ............................. 2, 3, 4, 5

*United States v. Emerson*, 270 F.3d 203 (5th Cir. 2001) .................................. 4

*United States v. Miller*, 307 U.S. 174 (1939) ..................................................... 6

*United States v. Rahimi*, 602 U.S. 680 (2024) ................................................... 7

**Statutes**

18 U.S.C. § 922 ............................................................................................ passim

# 25-60102

## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA

*Plaintiff-Appellant*

v.

JUSTIN BRYCE BROWN

*Defendant-Appellee*

FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION
3:23cr123CWR-ASH

### REPLY BRIEF OF APPELLANT

As appellee Justin Bryce Brown acknowledges (Brown Br. 7-10), this Court held in *Hollis* that the challenged statute, 18 U.S.C. § 922(o), is constitutional. Nevertheless, Brown incorrectly contends that *Hollis* has been abrogated and that § 922(o) does not comply with the Second Amendment under the proper analysis. This Court should reject his argument on both points.

1

## ARGUMENT

### A. The Challenged Statute Is Constitutional

As the government's principal brief notes and Brown acknowledges (Brown Br. 9-10), this Court has held that § 922(o)'s ban on machinegun possession is constitutional under the Second Amendment. *See Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016) (holding that "[m]achineguns are dangerous and unusual and therefore not in common use" and that they "do not receive Second Amendment protection"). Notwithstanding this Court's clear holding, Brown asserts that *Hollis* was abrogated. His evidence for this assertion is unpersuasive.

***First***, Brown contends that *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024), "determined that *Bruen*[1] established a new historical paradigm for analyzing Second Amendment claims" and that this panel can overturn *Hollis* because "it has fallen unequivocally out of step with some intervening change in the law." Brown Br. 10. Brown misreads *Diaz*. *Diaz* held only that this Court was no longer controlled by Second-

---

[1] *New York Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).

Amendment decisions that were "decided based on the means-end scrutiny that *Bruen* renounced." *Diaz*, 116 F.4th at 465; *id.* at 463 (noting that, while the Supreme Court's *Bruen* decision rejects the second step of this two-step framework, *Bruen* leaves the first step of the analysis undisturbed).

*Diaz* did not suggest that *Bruen* abrogated *Hollis*. This makes sense because *Hollis* did not apply means-end scrutiny. Instead, *Hollis* properly considered text, history, tradition, and precedent to observe the historical principles that govern this dispute. *See Hollis*, 827 U.S. at 443-47. In explaining the principles at issue, *Hollis* repeated that the common-use limitation was "fairly supported by the ***historical tradition*** of prohibiting the carrying of 'dangerous and unusual weapons.' " *Id.* at 445 (emphasis added). *Hollis* was clear that it "uph[e]ld Section 922(o) at step one of [this Court's pre-*Bruen*] framework." *Id.* at 451 ("Machineguns are dangerous and unusual and therefore not in common use. They do not receive Second Amendment protection, so ***we uphold Section 922(o) at step one of our***

3

*framework*." (emphasis added)). *Bruen* holds that "[s]tep one" of that framework is "broadly consistent with *Heller*[2]." *Bruen*, 597 U.S. at 19.

Critically, *Diaz* does not say anything about the legal correctness of *Hollis*'s holding about machinguns and the Second Amendment. It only references *Hollis* to note that *Bruen* removed the second, means-end-scrutiny step from Second-Amendment analyses.[3] *Diaz*, 116 F.4th at 463.

Because *Hollis*'s legal analysis ended at "step one" of the two-step framework and because *Diaz* clarifies that *Bruen* does not disturb step one, *Diaz* cannot have abrogated *Hollis*. If anything, *Diaz* indicates that *Hollis*'s step-one analysis is unaffected by *Bruen* and remains good law.

**Second**, Brown relies (Br. 9-10) on *Siders versus City of Brandon, Mississippi*, 123 F.4th 293, 304 (5th Cir. 2024), for the proposition that *Diaz* "abrogated" *Hollis*. *Siders* was a civil case challenging a city ordinace that

---

[2] *District of Columbia v. Heller*, 554 U.S. 570 (2008).

[3] By contrast, the *Diaz* panel concluded that *Bruen* rendered certain other cases "obsolete" to they extent that they relied on means-end scrutiny. *Diaz*, 116 F.4th at 465 (referencing *United States v. Emerson*, 270 F.3d 203, 212 (5th Cir. 2001), *United States v. Darrington*, 351 F.3d 632, 634 (5th Cir. 2003), and cases that relied on *Emerson* and *Darrington* to foreclose challenges to the constitutionality of § 922(g)(1)).

limited citizens' rights to protest near a public amphitheater. *Siders*, 123 F.4th at 296-97. The *Siders* opinion mentioned *Hollis* one time—as support for the long-accepted legal proposition that this Court is "generally bound by Supreme Court dicta." *Siders*, 123 F.4th at 304 (quoting *Hollis*). The full citation to *Hollis* in the *Siders* opinion was "*Hollis v. Lynch*, 827 F.3d 436, 448 (5th Cir. 2016), *abrogated on other grounds by United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024)." The explanatory phrase in *Siders* neither abrogated *Hollis* nor established that *Diaz* abrogated *Hollis*.[4] *Siders* never even mentioned, much less considered, *Hollis*'s Second-Amedment holding. Instead, *Siders*'s reference in a citation that *Diaz* "abrogated" *Hollis* appears to be what amounts to a minor "Shepardizing" error.[5]

---

[4] Of course, the *Siders* opinion does not—and cannot—abrogate a prior panel opinion, as "[i]t is a well-settled Fifth Circuit rule of orderliness that one panel of [this] court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or [the] en banc court." *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021) (citation omitted). "This rule is strict and rigidly applied." *Id*.

[5] It does not appear that the *Siders* opinion intended to speak about *Hollis* in any way. The explanatory phrase in the citation to *Hollis* in this Court's *Siders* opinion—stating that *Hollis* had been "abrogated on other grounds by *Diaz*"—may have resulted from the "Shepardizing" results found in the online legal search database Westlaw, which incorrectly indicates that *Hollis* was abrogated by *Diaz* when, in fact, it was not.

5

Because *Hollis* has not been abrogated, Brown's challenge to the constitutionality of § 922(o) remains foreclosed and the district court's dismissal of the indictment should be reversed. *See* Gov't Br. at 12-16.

## B. History and Tradition Support Congress's Ability to Regulate Machinegun Possession

Even if this Court were to consider the question again, § 922(o) is constitutional. Brown cursorily argues that history and tradition do not support a ban on machinegun possession. Brown Br. 11. He is mistaken.

As explained in the government's principal brief, machineguns are not protected by the Second Amendment. Gov't Br. 17-31. Moreover, *Heller* held—and *Bruen* did not disturb—that this Nation's "historical tradition" includes "prohibiting the carrying of dangerous and unusual weapons." 554 U.S. at 627 (explaining that applying the Second Amendment's protections only to those Arms that were in "common use at the time" "is fairly supported by the historical tradition of prohibiting the carrying of 'dangerous and unusual weapons.' " (citing *United States v. Miller*, 307 U.S. 174, 179 (1939), and a dozen historical sources)). Because the Supreme Court has already authoritatively established this principle, *Heller*, 554 U.S.

6

at 627, 637; *United States v. Rahimi*, 602 U.S. 680, 692 (2024), this Court need not sift through any additional historical sources to confirm this point. And Brown's response brief does not meaningfully challenge this historically supported principle that *Heller* recognized.

Instead, Brown contends that the historical tradition of regulating dangerous and unusual weapons was limited to firearm possession that terrorized others and suggests that § 922(o) is only constitutional as applied to someone "charged with terrorizing others with a machinegun." Brown Br. 11. He misreads the history. Both *Heller* and *Bruen* recognize that "colonial legislatures sometimes prohibited the carrying of 'dangerous and unusual weapons.' " *Bruen*, 597 U.S. at 47. *Bruen* did not suggest that these "dangerous and unusual" weapons bans were limited to "terrorizing others." And, Brown fails to address the many other laws cited in the government's opening brief at pages 33-39, which further support the relevant principle. In any event, there is no need for the government to identify a historical twin, and there is no reason why laws prohibiting "terrorizing others" cannot support the principle that "the Second

Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes" such as "dangerous and unusual weapons." *Heller*, 554 U.S. at 625, 627.

In the light of *Heller*'s conclusion that our Nation's historical tradition includes regulating dangerous and unusual firearms and of *Hollis*'s holding that machineguns are dangerous and unusual weapons, the district court's conclusion that § 922(o)'s restriction on possessing machineguns is unconstitutional on historical grounds should be reversed.

### C. Machineguns Are Not in Common Use by Law-Abiding Citizens for Lawful Purposes

In his response brief, for the first time, Brown argues that machineguns are not unusual because "there were more than 740,000 machineguns lawfully possessed in the United States in 2021." Brown Br. 12.[6] Because Brown did not raise this issue below, the district court did not have data or estimates as to machinegun possession. The district court, *sua sponte*, performed its analysis based on the statistic that

---

[6] Brown concedes that machineguns are dangerous. Brown Br. 12.

8

more than 740,000 machineguns are registered under the National Firearms Act to possessors within the 50 states. ROA.89.

As noted in the government's opening brief, the 740,000 number referenced by the district court includes the total number of registered machineguns—including those registered to government entities like police forces. *See* Gov't Br. 24. Such a number is not a proper or sufficient basis for determining whether machinegun possession by the general public is "usual." In *Hollis*, this Court referenced the number of "pre-1986 *civilian-owned* machineguns." *Hollis*, 827 F.3d at 449 (emphasis added). The district court did not use such a number, and its reliance on an unhelpful statistic is misplaced.

Even if the district court had considered the number of pre-1986 civilian-owned machineguns in its analysis, its analysis would be incomplete. Indeed, the *Hollis* court declined a defendant's invitation to rely on raw numbers alone. *Hollis*, 827 F.3d at 449-50 (declining to use an "absolute number" by itself and noting that such a number may need to be

paired with other data, such as the number of jurisdictions that permit machinegun possession).

As explained in the government's principal brief at pages 24-31, the limited number of pre-1986 machineguns in civilian hands, their high cost, and the difficulty of acquiring them indicate that machineguns are not in common use or typically possessed by law-abiding citizens. Brown fails to meaningfully respond to those arguments. Accordingly, he has not rebutted the extensive evidence confirming that machineguns are not the kinds of weapons protected by the Second Amendment.

## CONCLUSION

In the light of the controlling decision in *Hollis* and the history and tradition supporting Congress's ability to disarm those with machineguns, this Court should reverse the district court's order dismissing the indictment and remand for additional proceedings.

Respectfully submitted,

PATRICK A. LEMON
*Acting United States Attorney*
*Southern District of Mississippi*

By: /s/ *Jennifer Case*
JENNIFER CASE
*Assistant United States Attorney*
Mississippi Bar Number 104238

SAMUEL GOFF
*Assistant United States Attorney*
Mississippi Bar Number 105813
501 E. Court Street, Suite 4.430
Jackson, Mississippi 39201
(601) 965-4480

Dated: June 17, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing system (ECF), which caused the filing to be served on counsel of record.

Dated: June 17, 2025

/s/ *Jennifer Case*

JENNIFER CASE
*Assistant United States Attorney*

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because this brief contains fewer than 2,000 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f).

2. This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the typestyle requirements of FED. R. APP. 32(a)(6) because the brief has been prepared using Palatino Linotype 14-point font produced by MS Word software; the footnotes are in 12-point type.

3. Privacy redactions required by FIFTH CIR. R. 25.2.13 have been made to this brief.

4. The electronic submission of this brief is an exact copy of the paper document as required by FIFTH CIR. R. 25.2.1.

5. This brief has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

Dated: June 17, 2025

/s/ *Jennifer Case*
JENNIFER CASE
*Assistant United States Attorney*